**In re CAPTRAN CREDITORS TRUST, Debtor.**

**CAPTRAN CREDITORS TRUST, Plaintiff,**

v.

**NORTH AMERICAN TITLE INSURANCE AGENCY, INC., et al., Defendants.**

**Bankruptcy Nos. 85–0045–8P1, 88–460.**

United States Bankruptcy Court, M.D. Florida.

June 22, 1989.

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a motion to Disqualify Jeffrey W. Warren, Esquire, and Bush, Ross, Gardner, Warren & Rudy, P.A., from Further Representa-tion of Defendants, George Mills and Joan Smock. The Motion was filed by Captran Creditors Trust (Debtor), the Plaintiff in the above-captioned adversary proceeding. The Debtor seeks an Order from this Court disqualifying Jeffrey Warren, Esq. (War-ren), and the law firm of Bush, Ross, Gard-ner, Warren & Rudy, P.A. (the firm), from further representation of George Mills (Mills) and Joan Smock (Smock), on the ground that the interest of Warren and his law firm is in conflict with the interest of these Defendants. The Court has con-sidered the motion and the opposition to the Motion and finds and concludes as fol-lows.

On October 14, 1988, the Debtor filed a Complaint instituting the above-captioned adversary proceeding. The complaint orig-inally sounded in seven (7) counts until February 15, 1989, when this Court entered an order on various motions of the Defen-dants to dismiss the Complaint. Presently, relief is sought against the Defendants, Warren, and the firm in Counts II and IV of the Complaint and against Defendants, Mills and Smock in Counts I, II, V and VI of the Complaint.

The Debtor seeks to disqualify Warren, who is counsel of record for Mills and Smock, and the law firm of which Warren is a shareholder, from further representa-tion of Mills and Smock on the basis that Warren and the firm are expressly prohibit-ed from representing Smock and Mills in this particular adversary proceeding by vir-tue of Rule 1.7 of the ABA Model Rules of Professional Conduct (Model Rules) as adopted by the Supreme Court of Florida and entitled, "The Florida Rules of Profes-sional Conduct" (Rule 4–1.7). The Debtor contends that a fundamental issue in this law suit is whether the involuntary Chapter 11 proceedings initiated by North American Title Insurance Agency, (NATIA), Mills, Smock and ultimately, Captran Resort In-ternational (CRI), were filed in bad faith and without legal cause or justification. In connection with this issue, the Debtor sug-gests that Warren and the law firm must be disqualified from further representation of Mills and Smock in this action because

there exists conflicts of interest between Warren, the law firm and their clients, Mills and Smock because Warren will be a necessary witness in this action and his creditability will be at issue, rendering his representation of Mills and Smock inappropriate. In addition, the Debtor argues that Warren will have to defend dual and incompatible positions inasmuch as he will be required to justify the actions of his clients, Mills and Smock, as well as his own behavior with respect to the filing of the Involuntary Petition against the Debtor. The Debtor alleges that there is at least an appearance of impropriety in this situation and that such appearance of potential conflict clearly mandates that Warren and the law firm should be disqualified from further representation of Mills and Smock.

In further support of its position, the Debtor relies on Rules 4–3.7 and 4–1.7, Florida Rules of Professional Conduct. Rule 4–3.7 provides in pertinent part that a lawyer shall not act as an advocate at a trial in which he is likely to be called as a necessary witness for or on behalf of his client. In the present case, the Debtor maintains that Warren must justify the filing of the involuntary Petition, which must necessitate that he be called as a witness for himself as an individual defendant. For example, the Debtor points out that in order to protect his own interest, Warren will have to testify that he initiated the involuntary bankruptcy proceedings in reliance upon the express authorization by Mills and Smock, which in turn may very well subject Mills and Smock to liability. On the other hand, Mills and Smock in order to escape liability may have to testify that they were requested by Warren to join in the Petition and had no intention to be involved and absent Warren's persuasion would not have joined in as petitioning creditors. The comments to Rule 4–3.7 address such a situation in the following manner:

If there is likely to be a substantial conflict between the testimony of the client and that of the lawyer, or a member of the lawyer's firm, the representation is improper.

In opposing the various contentions, Warren and the law firm contend that they received the consent of their clients, therefore, they should not be prohibited from representing them. In support of this proposition they point to the case law and to commentators which suggest that if an attorney is placed in a situation similar to the scenario which has occurred here, the attorney should obtain from his client a letter acknowledging that the attorney has fully disclosed the possible problems and possible prejudices of his representation. Nevertheless, if after full disclosure, the client requests that the attorney continue to represent him, then the representation is not prohibited. To support their position, Warren and the law firm point to the letter dated May 8, 1989, written by Warren and addressed to Mills and Smock. In that letter, Warren indicates the possibility of the existence of a conflict of interest between himself and the clients. The letter further indicates that Warren is not able to predict or forecast what will happen with this case and further, allows the clients the opportunity to obtain new counsel for future representation. Notwithstanding this, it appears that the clients, Mills and Smock, have desired to retain Warren as counsel of record and also his law firm for the purposes of this lawsuit.

Rule 2.04(c) of the Rules of the Middle District of Florida state, in relevant part:

The professional conduct of all members of the bar of this court shall be governed by the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida to govern the professional behavior of the members of the Florida Bar.

As indicated earlier, the current canons of professional ethics of the American Bar Association are contained in the ABA Model Rules for Professional Conduct and have been adopted in substantially the same form by the Supreme Court of Florida. Rule 4–1.7 of the Florida Rules of Professional Conduct expressly prohibits an attorney to represent a client if the attorneys exercise some independent pro-

fessional judgment in the representation of that client which may be materially limited by the lawyer's responsibilities to another client or to a third person, *or by the lawyer's own interest* (emphasis added). In the present instance, it is clear that Warren's own interests are directly in conflict with Mills and Smock who are also being sued. In this case, it is also clear that Warren's conduct, as well as that of Mills and Smock, will be at issue, which will require Warren to justify the actions of his clients in filing the involuntary Petition against the Debtor, as well as his own behavior and motivation with respect to the same. This Court is satisfied that Warren will be defending incompatible positions. Rules 4–3.7 and 4–1.7, Florida Rules of Professional Conduct, add further support to the Debtor's contention that Warren and his law firm should be disqualified. As mentioned earlier, those Rules provide in relevant part that a lawyer shall not act as an advocate at trial in which the lawyer is likely to be a necessary witness on behalf of his client. This Court is not convinced that Warren should be excepted from disqualification on the basis that he obtained the consent of Mills and Smock and the Comments to Rule 4–1.7 indicate that a client may consent to representation, notwithstanding a conflict. The letter written by Warren to Mills and Smock which indicates to the clients that there is a possibility of a conflict in Warren's representation of them provides in part:

At the present time, however, I cannot think of a factual scenario in which you and I would differ. Nevertheless, I cannot predict what will happen in this case.

A further reading of the Comments to Rule 4–3.7 relied on by Warren indicates that a lawyer should not properly ask for a consent from a client where such situation exists where a disinterested lawyer would conclude that a client should not agree to the representation under the circumstances (emphasis added). This Court is satisfied that the situation in this case is such that a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances and, therefore, the consent obtained by Warren should not in the first place have been asked for and secondly, is deficient in that the letter from Warren to the clients did not mention what adverse consequences could arise, nor did the letter qualify as a full disclosure to the clients of the potential conflicts of interest which are at stake.

Based on the foregoing, this court is satisfied that Warren should be disqualified from representing Mills and Smock. Inasmuch as this Court has found that Warren should be disqualified from representing Mills and Smock, the rule of imputed disqualification as found in Rule 4–1.10 of the Florida Rules of Professional Conduct provides for the disqualification of the entire firm upon the disqualification of one of its members and, therefore, the law firm should also be disqualified from the representation of Mills and Smock.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Disqualify Jeffrey W. Warren, Esq., and Bush, Ross, Gardner, Warren & Rudy, P.A., from Further Representation of Defendants, George Mills and Joan Smock be, and the same is hereby, granted, and Mr. Warren and the law firm of Bush, Ross, Gardner, Warren & Rudy, P.A., are disqualified from further representation of the Defendants, George Mills and Joan Smock. This is not to be construed, however, to indicate that Warren and Bush, Ross, Gardner, Warren & Rudy, P.A., are disqualified from representing either themselves or any other parties other than George Mills and Joan Smock.